IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SMARTPHONE TECHNOLOGIES LLC, <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC. and AMAZON DIGITAL SERVICES, INC., <br><br> Defendants. | CIVIL ACTION NO. 6:11cv530 <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT
## FOR PATENT INFRINGEMENT

Plaintiff SmartPhone Technologies LLC ("SmartPhone") files this Original Complaint against Amazon.com, Inc. and Amazon Digital Services, Inc. for infringement of U.S. Patent No. 6,950,645 ("the '645 patent"), U.S. Patent No. 7,506,064 ("the '064 patent"), U.S. Reissue Patent No. 40,459 ("the '459 patent"), U.S. Patent No. 6,956,562 ("the '562 patent"), and/or U.S. Patent No. 6,466,236 ("the '236 patent").

## THE PARTIES

1. SmartPhone is a Texas limited liability company with its principal place of business in Frisco, Texas.

2. Amazon.com, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington. Amazon.com, Inc.'s registered agent for service in Delaware is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

3. Amazon Digital Services, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington and is a wholly-owned subsidiary of Amazon.com, Inc. Amazon Digital Service, Inc.'s registered agent for service in Delaware is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. Defendants Amazon.com, Inc. and Amazon Digital Services, Inc. are collectively referred to as "Amazon."

4. On information and belief, this Court has personal jurisdiction over Amazon because Amazon has committed, and continues to commit, acts of infringement in this judicial district, has conducted business in this judicial district and/or has engaged in continuous and systematic activities in this judicial district.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Amazon is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business in this judicial district and, upon information and belief, has regular and established places of business in this judicial district.

7. Amazon is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and judicial district, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business and, accordingly, deriving substantial revenue from goods and services provided to Texas residents.

## COUNT I

(INFRINGEMENT OF U.S. PATENT NO. 6,950,645)

8. Smartphone incorporates paragraphs 1 through 7 herein by reference.

9. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

10. SmartPhone is the exclusive licensee of the '645 patent, entitled "Power-Conserving Intuitive Device Discovery Technique In A Bluetooth Environment," with ownership of all substantial rights in the '645 patent, including the right to exclude others and to enforce, sue and recover damages for the past and future infringement. A true and correct copy of the '645 patent is attached as Exhibit A.

11. The '645 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

12. Amazon is directly and/or indirectly infringing one or more claims of the '645 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 18, by, among other things, making, using, offering for sale, selling and/or importing e-reader devices and tablet computers, including, without limitation, the Kindle 3G + Wi-Fi and, upon information and belief, the Kindle Fire. Amazon (and customers who use such devices) directly infringe the '645 patent. Amazon is thereby liable for its direct infringement and/or for its indirect infringement (by virtue of its customers' use of such devices).

13. SmartPhone has been damaged as a result of Amazon's infringing conduct described in this Count. Amazon is, thus, liable to SmartPhone in an amount that adequately compensates it for its infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## **COUNT II**

(INFRINGEMENT OF U.S. PATENT NO. 7,506,064)

14. SmartPhone incorporates paragraphs 1 through 13 herein by reference.

15. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

16. SmartPhone is the exclusive licensee of the '064 patent, entitled "Handheld Computer System That Attempts To Establish An Alternative Network Link Upon Failing To Establish A Requested Network Link," with ownership of all substantial rights in the '064 patent, including the right to exclude others and to enforce, sue and recover damages for the past and future infringement. A true and correct copy of the '064 patent is attached as Exhibit B.

17. The '064 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

18. Amazon is directly and/or indirectly infringing one or more claims of the '064 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 17, by, among other things, making, using, offering for sale, selling and/or importing e-reader devices, including, without limitation, the Kindle 3G + Wi-Fi. Amazon (and customers who use such devices) directly infringe the '064 patent. Amazon is thereby liable for its direct infringement and/or for its indirect infringement (by virtue of its customers' use of such devices).

19. SmartPhone has been damaged as a result of Amazon's infringing conduct described in this Count. Amazon is, thus, liable to SmartPhone in an amount that adequately compensates it for its infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III

(INFRINGEMENT OF U.S. PATENT NO. RE 40,459)

20. SmartPhone incorporates paragraphs 1 through 19 herein by reference.

21. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

22. SmartPhone is the exclusive licensee of the '459 patent, entitled "Method And Apparatus For Communicating Information Over Low Bandwidth Communications Networks," with ownership of all substantial rights in the '459 patent, including the right to exclude others and to enforce, sue and recover damages for the past and future infringement thereof. A true and correct copy of the '459 patent is attached as Exhibit C.

23. The '459 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

24. Amazon is directly and/or indirectly infringing one or more claims of the '459 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1, by, among other things, making, using, offering for sale, selling and/or importing e-reader devices and tablet computers, including, without limitation, the Kindle 3G + Wi-Fi and, upon information and belief, the Kindle Fire. Amazon (and customers who use such devices) directly infringe the '459 patent. Amazon is thereby liable for its direct infringement and/or for its indirect infringement (by virtue of its customers' use of such devices).

25. SmartPhone has been damaged as a result of Amazon's infringing conduct described in this Count. Amazon is, thus, liable to SmartPhone in an amount that adequately compensates it for its infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT IV

(INFRINGEMENT OF U.S. PATENT NO. 6,956,562)

26. SmartPhone incorporates paragraphs 1 through 25 herein by reference.

27. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

28. SmartPhone is the exclusive licensee of the '562 patent, entitled "Method For Controlling A Handheld Computer By Entering Commands Onto A Displayed Feature Of The Handheld Computer," with ownership of all substantial rights in the '562 patent, including the right to exclude others and to enforce, sue and recover damages for the past and future infringement thereof. A true and correct copy of the '562 patent is attached as Exhibit D.

29. The '562 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

30. Amazon is directly and/or indirectly infringing, upon information and belief, one or more claims of the '562 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 47, by, among other things, making, using, offering for sale, selling and/or importing e-reader devices and tablet computers, including, without limitation, the Kindle Touch, the Kindle Touch 3G, and the Kindle Fire. Amazon (and customers who use such devices) directly infringe the '562 patent. Amazon is thereby liable for its direct infringement and/or for its indirect infringement (by virtue of its customers' use of such devices).

31. SmartPhone has been damaged as a result of Amazon's infringing conduct described in this Count. Amazon is, thus, liable to SmartPhone in an amount that adequately compensates it for its infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT V

(INFRINGEMENT OF U.S. PATENT NO. 6,466,236)

32. SmartPhone incorporates paragraphs 1 through 31 herein by reference.

33. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

34. SmartPhone is the exclusive licensee of the '236 patent, entitled "System And Method For Displaying And Manipulating Multiple Calendars On A Personal Digital Assistant," with ownership of all substantial rights in the '236 patent, including the right to exclude others and to enforce, sue and recover damages for the past and future infringement thereof.  A true and correct copy of the '236 patent is attached as Exhibit E.

35. The '236 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

36. Amazon is directly and/or indirectly infringing, upon information and belief, one or more claims of the '236 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1, by, among other things, making, using, offering for sale, selling and/or importing tablet computers, including, without limitation, the Kindle Fire.  Amazon (and customers who use such devices) directly infringe the '236 patent.  Amazon is thereby liable for its direct infringement and/or for its indirect infringement (by virtue of its customers' use of such devices).

37. SmartPhone has been damaged as a result of Amazon's infringing conduct described in this Count.  Amazon is, thus, liable to SmartPhone in an amount that adequately compensates it for its infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

SmartPhone hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

SmartPhone requests that the Court find in its favor and against Amazon, and that the Court grant SmartPhone the following relief:

a. Judgment that one or more claims of the '645, '064, '459, '562, and/or '236 patents have been infringed, either literally and/or under the doctrine of equivalents, by Amazon and/or by others to whose infringements Amazon has contributed and/or by others whose infringements have been induced by Amazon;

b. Judgment that Amazon account for and pay to SmartPhone all damages to and costs incurred by SmartPhone because of Amazon's infringing activities and other conduct complained of herein;

c. Judgment that Amazon account for and pay to SmartPhone a reasonable, on-going, post judgment royalty because of Amazon's infringing activities and other conduct complained of herein;

d. That SmartPhone be granted pre-judgment and post-judgment interest on the damages caused by Amazon's infringing activities and other conduct complained of herein; and

e. That SmartPhone be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: October 7, 2011                    Respectfully submitted,

/s/ Edward R. Nelson, III (w/permission John Ward, Jr.)
Edward R. Nelson, III
enelson@nbclaw.net
Texas State Bar No. 00797142
Christie B. Lindsey
clindsey@nbclaw.net
Texas State Bar No. 24041918
S. Brannon Latimer
blatimer@nbclaw.net
Texas State Bar No. 24060137
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300

Case 6:11-cv-00530-LED   Document 1   Filed 10/07/11   Page 9 of 9 PageID #:  9

Fort Worth, Texas 76107
Phone:  (817) 377-9111
Fax:  (817) 377-3485

Anthony G. Simon
asimon@simonlawpc.com
Timothy E. Grochocinski
teg@simonlawpc.com
THE SIMON LAW FIRM, P.C.
701 Market Ste 1450
St. Louis MO 63101
Phone: (314) 241-2929
Fax:     (314) 241-2029

T. John Ward, Jr.
Texas State Bar No. 00794818
J. Wesley Hill
Texas State Bar No. 24032294
WARD & SMITH LAW FIRM
111 W. Tyler Street
Longview, Texas  75601
(903) 757-6400
(903) 757-2323 (fax)
jw@wsfirm.com
wh@wsfirm.com

**Attorneys for Plaintiff**
**SmartPhone Technologies LLC**